*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-534

IN RE JEHAN A. CARTER, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 1018067)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN 22-ND-002; DDN 215-18)

(Decided: August 18, 2022)

Before GLICKMAN, EASTERLY and ALIKHAN, *Associate Judges*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Jehan A. Carter voluntarily acknowledged that she (1) made misrepresentations to a California court in connection with a pro hac vice application, and (2) made a false statement to Disciplinary Counsel in the resulting

investigation of the California pro hac vice application. As a result, respondent admits that she violated California Business & Professions Code § 6106 and D.C. Rules of Professional Conduct 8.1(a) and 8.4(c). The proposed discipline is a six-month suspension, stayed as to all but 90 days, and probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified.'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (quoting D.C. Bar R. XI, § 12.1(c)(3)). Accordingly, it is

ORDERED that respondent Jehan A. Carter is hereby suspended from the practice of law in the District of Columbia for six months, stayed as to all but 90 days, provided that she complies with the following conditions of probation:

(i)     respondent must take three hours of pre-approved continuing legal education related to online and website policies and practices and ethically networking and advertising online, and must certify and provide documentary proof that she has met this requirement to the Office of Disciplinary Counsel within six months from the date of this opinion; and

(ii)    respondent shall not engage in any misconduct in this or any other jurisdiction within a year from her reinstatement.  If Disciplinary Counsel has probable cause to believe that respondent has engaged in any misconduct, Disciplinary Counsel may seek that respondent be required to serve the remainder of the six-month suspension.

Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16 and Board Rule 9.

*So ordered.*